**Cora HOUSTON, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 85–2190.**

United States District Court, W.D. Pennsylvania.

Nov. 25, 1986.

F. Peter Dixon, Pittsburgh, Pa., for plaintiff.

Any Reynolds Hay, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff has appealed from the decision of the Secretary denying her widow's disability benefits. The parties have filed cross motions for summary judgment and there appear to be no disputed issues of material fact.[1]

Plaintiff is a 57 year old widow, 5'3" tall and weighing 235 lbs. She worked 15 years in a clothing warehouse, tagging clothes or operating a machine which made price tags. She lost that job when the warehouse closed. She also worked a very short time in a film store.

Plaintiff suffers from a variety of medical afflictions, principal of which are diabetes mellitus, hypertension, and asthmatic bronchitis. Plaintiff has also been diagnosed as having degenerative arthritis of the spine, abdominal adhesions, gastritis, tendonitis of the shoulder, and anxiety. She has undergone surgery for an umbilical hernia, hysterectomy, removal of her gall bladder, and the removal of her right breast due to a cancerous tumor. She also complains that she is unable to control her bowels and she is quite obviously obese.

The Secretary reviewed the medical evidence and hearing testimony and concluded that no single impairment satisfied the requirements of the regulations for a disabling impairment. This conclusion is supported by substantial evidence of record.

But the analysis required by the Act does not end there. The Secretary is required to assess the cumulative effects of the claimant's impairments to determine if they are, in concert, disabling. The ALJ in his decision purports to have done this and ruled adverse to the claimant. However, there is no analysis on this point, only a conclusory statement. There is no apparent assessment of the plaintiff's present functional capacity in the light of her cumulative impairments. In fact as to some impairments, the chronic asthmatic bronchitis for example, there is no discussion at all.

Furthermore, there is absolutely no reference to, let alone discussion of, the claimant's complaints of pain. The plaintiff and the medical evidence of record describe chest pain, low back pain, shoulder pain, and pain in the stomach from abdominal adhesions. The Secretary failed utterly and completely to address plaintiff's complaints of pain in assessing disability.

For these reasons, this matter will be remanded to the Secretary for further proceedings consistent with this opinion.

---

1. Although plaintiff filed no formal motion, counsel submitted a brief "in Support of Plaintiff's Motion for Summary Judgment." We will treat this brief as a motion and order it filed.